## AUBERT'S APPEAL; DESILVER'S ESTATE.

APPEAL FROM THE DECREE OF THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued January 16, 1888—Decided February 27, 1888.

A testator left the one half of his residuary estate to his executors, in trust to keep the same invested and to pay the income to his brother and sister during their respective lives, share and share alike, upon the death of either to pay to his or her children the one half of said income, and upon the death of both, to distribute the trust estate to the children of the brother and sister, per stirpem. The widow of the testator, for whom provision had also been made, died; the brother also died, and without issue; whereupon the widow's husband, the sister still living, prayed for payment of the one half of the trust fund to himself.

*Held*, that as by the testator's will distribution was expressly postponed until the death of both brother and sister, following Wilen's Appeal, 105 Pa. 121, the court would not interfere with his directions.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 117 July Term 1887, Sup. Ct.; court below, No. 13 July Term 1880, C. P.

On October 19, 1886, was filed the account of the Pennsylvania Company for Insurance on Lives and Granting Annuities, as trustee for Caroline G. Getz and Thomas H. DeSilver, under the will of George P. DeSilver, deceased, one paragraph of which will was as follows:

7. I give, bequeath and devise the other and remaining one half part of all the rest, residue and remainder of my estate and property, both real and personal, and wheresoever situated, of which I may die seized, possessed, or be entitled to, to my executors and to the survivors or survivor of them, in trust, to take and hold the real estate and the rents, issues and profits

thereof, and to receive and invest the personal property, or the proceeds thereof, and to pay the said rents, issues and profits of the realty and the income from the personalty to my brother Thomas H. DeSilver, and my sister Caroline E. Getz, during their respective lives, share and share alike; and upon the death of either, the children of the deceased to receive and share with the survivor one half part of such rents, issues and profits of the realty and income from the personalty; and upon the death of both my said brother and sister, in trust, to divide and distribute the said one half part of all the rest, residue and remainder of my real and personal estate to and among the children of my said brother and sister in the following manner: The children of my brother Thomas H. DeSilver to take and receive one half of the said half part, or one fourth of my residuary estate, and the children of Caroline E. Getz to take and receive the other one half of the said half part, or one fourth of my residuary estate; and if any of the children of said brother and sister should be deceased at the time of my death or at the time of such division and distribution, leaving issue, such issue shall take and receive the same share or portion his, her, or their parent would receive, if he or she were living at the time of such division and distribution.

On November 4, 1886, the said account having been called for audit, HANNA, P. J., filed the following adjudication:

The only question arising is what disposition is to be made of the income and principal of the estate, held in trust during the lifetime of Thomas H. DeSilver, the deceased cestui que trust.

The trust arises under the will of George P. DeSilver, who died about May, 1873. He left his wife surviving, who afterwards married again, and died about August 2, 1883. She was provided for by a cash legacy, together with all his furniture and personal effects absolutely, and a certain fund to be held in trust for her use during life. The fund now being accounted for, is one half part of the residuary estate, held in trust under the seventh clause of said will.

The said Thomas H. DeSilver died September 16, 1886, without leaving any issue him surviving. The bequest made it will be observed is one half of the residuary estate, and this

is to be held in trust equally, for the benefit of the brother and sister of testator for life. Testator contemplated each would leave children surviving, for he provides that upon the death of either, his or her children should share with the survivor in one half part of the income. His intention is also clear that the trust should continue until the death of the survivor of his brother, for she is entitled to the one half share of its income and profits, not to the income and profits of one half of the fund. Therefore, no distribution can be made of the trust fund.

But one half of the income must go somewhere. And, as before remarked, it is undisposed of by testator during the life of Mrs. Getz. It is not bequeathed to her, nor to her children. There is, therefore, no alternative but to hold, as to this one half of the income, the testator died intestate, and it must hereafter be paid to his heirs at law. And as it appears he died without issue, one half is payable to his widow or her executor, she being now deceased, and one half to testator's heirs and next of kin, according to our intestate law. This will continue during the lifetime of Mrs. Getz, when the corpus of the trust fund will be accounted for and finally distributed.

That the widow is entitled, notwithstanding the provision made for her by the will, is well settled: Reed's Appeal, 82 Pa. 428; Carman's Appeal, 2 Penny. 332.

The auditing judge is also of the opinion that the costs of filing and settlement of the account, including counsel fee, should be borne by the income of the trust estate: Butterbaugh's Appeal, 98 Pa. 351.

The adjudication became absolute on December 11, 1886, but on February 12, 1887, Jean Ernest Aubert, husband of the late Claire Elizabeth, formerly wife of George P. DeSilver, deceased, showing excuse for delay, prayed for leave to file exceptions to the adjudication, nunc pro tunc:

1. That the court erred in not making distribution of one half of the residuary trust fund under the seventh paragraph of said will.

2. That the court erred in not awarding one half of the principal of said fund to the exceptant.

A citation having been awarded requiring the trustee to show cause, etc., upon the hearing on April 2, 1887, the court, PENROSE, J., filed the following opinion:

Because there is a present intestacy as to one half of the income arising from the fund embraced in the account, and because there will be an intestacy as to one half of the principal, it does not follow that distribution to this extent can now be made of the principal. The testator has in express terms deferred the time for such distribution until the death of the survivor of the two persons to whom he gave the income for life ; at the death of either, one half the income going to the survivor and the other half to the children and issue of the one so dying. The survivor is entitled to the benefit of the investment of the whole fund in order that she may be secure in the receipt of half of the income. The gift is not of the income of one half, but of one half of the whole, and the case falls within the principle of Wilen's Appeal, 105 Pa. 121. This right on the part of the survivor is not affected by the fact that the death of her co-tenant for life without issue has left one half the income to pass under the intestate laws. The persons claiming by reason of the intestacy have no more right to demand distribution before the time fixed by the testator than the children of the deceased cestui que trust would have had. The will of the testator cannot be disregarded so long as it violates no rule of law, and the trust which it creates has a manifest and legitimate purpose.

Petition dismissed.

The petitioner thereupon took this appeal, specifying that the court erred in not making a distribution of the one half of the residuary trust fund as desired in said exceptions.

*Mr. James Parsons*, for the appellant :

The single question presented is, has Mrs. Getz, a legatee, the right to obstruct the heir at law of the testator in getting his share of the estate.

The death of both life tenants was the date fixed for distribution, but the postponement was on account of the issue who must await the death of their superiors. The heir, claiming not under the provision made for the issue of a legatee, but by law on the death of the legatee without issue, comes in unaffected by the restrictions of the limitation which he supersedes. The trust falls and does not exist for him. He is favored by

the law, and his interest can be divested only by a gift to some one else. He inherits, not in stages, but all at once: Wilkins' v. Allen, 18 How. 385; Clark's Est., 15 Phila. 573; Livezey's App., 106 Pa. 201; Megargee v. Naglee, 64 Pa. 216; Culbertson's App., 76 Pa. 145; Sawtelle's App., 84 Pa. 306; Luth. Cong. App., 1,13 Pa. 32.

*Mr. John G. Johnson,* for the appellee:

1. Where a testator directs that a property shall be held in trust upon an active trust until a certain time, the court will not order it to be paid over till the expiration of the period: Wilen's App., 105 Pa. 121.

2. The testator did not die intestate as to the half of this moiety; but, by reason of the death of his brother without issue, the income of the whole moiety is payable to Mrs. Getz during her life, and the principal at her decease to her issue. We ask for a decision upon this point. It is impossible to read the will without seeing that he did not intend to die intestate as to any portion of his estate. He meant that, upon the decease of his brother and sister, their children should take per stirpem, and not otherwise: Coleman v. Jarrow, L. R. 4 Ch. D. 171; Green v. Stephens, 12 Ves. 419: s. c., 17 Ves. 64; Horne v. Barton, 19 Ves. 398.

OPINION, MR. JUSTICE PAXSON:

The only matter of which the appellant complains is, that the court below declined to make distribution of one half the residuary trust fund under the seventh clause of the will of George P. DeSilver.

It requires but a glance at the clause in question to see that the time appointed by the testator for the distribution of the principal of the trust fund has not arrived. Such distribution is expressly postponed until the death of his brother and his sister. The brother is deceased, it is true, but the sister is still living.

It is urged, however, that the death of the brother, without issue, was an event not contemplated by the testator, and that the reason for postponing distribution does not now exist as to a moiety of the trust fund. This is not clear. Mrs. Getz is admittedly entitled to one half the income of the whole resid-

uary estate. As was said in Wilen's Appeal, 105 Pa. 121, we cannot say that a moiety of the income of the whole may not be more valuable to the surviving life tenant than the whole of the income of a moiety. In any event it is enough for us to know that the testator, in clear language, designated the time when distribution should be made, and it is not our province to change his directions.

The appellant has no cause to complain that distribution is not made of the principal, as his right to either principal or income is at least doubtful. But as there is no appeal by any other party in interest, we forbear discussing the matter further. We can only decide what is before us.

> The decree is affirmed and the appeal dismissed at the cost of the appellant.