## APPEAL OF CAROLINE E. GETZ.

[ESTATE OF GEORGE P. DeSILVER, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

[Argued April 9, 1889—Decided April 22, 1889.]

(a) A testator bequeathed the one half of his residuary estate to his executor, in trust to keep the same invested and to pay the income to his brother and sister, during their lives, the one half to each, and upon the death of either to pay the one half of said income to his or her children.

(b) The widow of the testator, for whom other provision had been made in the will, died, and subsequently the testator's brother died without issue, and at the adjudication of the trustee's account it appeared that the balance of income for distribution was but $1.74.

1. It was not error for the court to direct this balance of income to be retained by the trustee to be thereafter accounted for, and, whether the surviving sister was entitled to the whole of the income during her life, would be determined when there was income for distribution.

2. Until the death of the brother, it could not be known that he would leave no issue, and the widow having died before him, query, whether any portion of the income accruing after the death of the brother would be payable to the widow?

Statement of Facts

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 231 January Term 1889, Sup. Ct.; court below, No. 13 July Term 1880, O. C.

On October 19, 1886, the account of the Pennsylvania Company for Insurance on Lives and Granting Annuities, as trustee for Caroline E. Getz and Thomas H. DeSilver, under the will of George P. DeSilver, deceased, was filed, and on November 4, 1886, it was called for adjudication before HANNA, P. J.

The trust arose under the will of George P. DeSilver, who died in May, 1873, leaving a widow who afterwards married Jean Ernest Aubert, and died on August 2, 1883. She was provided for by other bequests, and the fund now accounted for was the one half part of the residuary estate, held under the seventh paragraph of the will. The amount of the principal of the trust fund, shown by the account, was found to be $36,323.74; the balance of income for distribution was $1.74.

The seventh paragraph of the testator's will bequeathed and devised one half of his residuary estate to his executors, in trust, to pay the rents and profits of the realty and the income of the personalty to his brother, Thomas H. DeSilver, and his sister Caroline E. Getz, during their respective lives, share and share alike, and, upon the death of either, the children of the deceased to receive and share with the survivor one half part of such rents, profits and income, and upon the death of both the brother and sister, in trust, to divide and distribute the said one half part of the residuary estate to and among the children of the said brother and sister, per stirpes.

Thomas H. DeSilver died September 16, 1886, without issue.

The auditing judge ruled that as the intention was clear that the trust should continue until the death of the surviving sister, no distribution could be made of the principal of the fund, but that there was an intestacy as to one half of the income accruing during the lifetime of Mrs. Getz, and that this one half of the income was payable, one half of it to the executor of Mrs. Aubert, the testator's widow, and the other half to the testator's heirs and next of kin, according to the intestate law. The balance of principal was therefore awarded to the account-

ant, for the puposes set forth in the will of the testator, and it was ordered that the balance of income, to wit, $1.74, should be retained by the accountant to be thereafter accounted for, and that " out of income to be hereafter collected by accountant," there should be paid to costs in the Orphans' Court, $23.50, and to counsel, for professional services to the trust estate, $75 ; together, $98.50.

The adjudication having been confirmed, Jean Ernest Aubert, husband of Claire Elizabeth, late widow of the testator, claiming that the court below had erred in not distributing the principal of the trust fund and in not awarding one half thereof to him, took an appeal to this court, wherein the decree of the court below was affirmed. See Aubert's Appeal, 119 Pa. 48, where the clause of the will creating the trust, with the other facts of the case, more fully appear.

On the return of the record to the court below, Mrs. Caroline E. Getz took the present appeal, specifying that the court erred :

1. In holding that as to one half of the income of the trust fund the testator died intestate, and that the said one half of the income should be paid to testator's heirs at law.

2. In not deciding that the entire income of said trust fund was payable to Caroline E. Getz.

*Mr. John G. Johnson*, for the appellant.

*Mr. James Parsons*, for the appellee.

OPINION, MR. CHIEF JUSTICE PAXSON :

It was decided in Aubert's Appeal, 119 Pa. 48, that the principal of the fund in controversy could not be distributed until after the death of Mrs. Getz. In the meantime no disposition was made by the testator of the share of the income given to Thomas H. DeSilver, who died September 16, 1886, without leaving issue him surviving. The court below held that this was a contingency not provided for by the testator, and that as to said income he died intestate. The amount of income for distribution, as shown by the account, was only $1.74, which the court directed to be retained by the accountant, and hereafter accounted for.

No exception can be taken to this decree. Caroline E. Getz has appealed from it, alleging that she is entitled to the whole of the income. That will be decided hereafter when there is income to be distributed. At present there is none. The amount in the hands of the accountant is nominal, while the sum of $98.50 is awarded out of income to accrue.

The learned Orphans' Court, after holding that there was an intestacy as to the one half of the income, was of opinion that as the testator died without issue, " one half of said income is payable to his widow or her executor, she being now deceased, and one half to the testator's heirs and next of kin, according to our intestate law." It appears, however, that the widow of the testator died in 1883, while Thomas H. DeSilver, the life-tenant, died in 1886. It is suggested to the learned judge of the Orphans' Court, whether any portion of the income can go to the widow of the testator, inasmuch as she died before Thomas H. DeSilver. Until the death of the latter it could not be known that he would leave no issue, and until that fact could be ascertained I do not see how any interest could vest in the widow of the testator. This cannot be decided now, and is a mere suggestion for the consideration of the Orphans' Court when distribution comes to be made of this income. For the same reason we cannot now pass upon the claim of Mrs. Getz. The decree below is unassailable, and error does not lie to the mere opinion of the court below. It lies only to the decree.

> Decree affirmed, and the appeal dismissed at the costs of the appellant.