ESTATE OF GEO. P. DeSILVER, DECEASED.

APPEAL BY CAROLINE E. GETZ FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued April 10, 1891—Decided April 27, 1891.

(a) A testator bequeathed the one half of his residuary estate to his executor, in trust to keep the same invested and to pay the income to his brother and sister during their respective lives, the one half to each, and upon the death of either, to pay such one half of said income to his or her children.

Adjudication.

(*b*) The testator's widow, for whom other provision had been made in the will and accepted by her, died; and after her death, the testator's brother died without issue. An account of the trustee, presented for adjudication, showed a balance of income, only, ready for distribution:

1. In such case, the one half of the income, though accruing after the death of the testator's widow, was distributable to the surviving sister; one fourth, to the executor of the widow, and the remaining one fourth to the next of kin of the testator, or the personal representatives of such of them as had died.

2. The rights conferred by the intestate laws are taken away only by a will which effectually disposes of the entire estate of the decedent; and, while a construction which will lead to an intestacy is not to be adopted if it can be avoided, yet interpretation is never to assume the proportions of reformation: Per PENROSE, J.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 252 January Term 1891, Sup. Ct.; court below, number and term not shown.

On March 7, 1890, the second account of the Pennsylvania Company for Insurance, etc., substituted trustee under the will of George P. DeSilver, deceased, was called for audit. The clause of the will creating the trust, and the other material facts of the case, sufficiently appear in Aubert's App., 119 Pa. 48, and Getz's App., 125 Pa. 611.

After hearing, the auditing judge, PENROSE, J., filed an adjudication, which, after referring to the facts, and to the opinions delivered in the cases in the Supreme Court above referred to, proceeded:

The account now before the court does contain a balance of income ready for distribution, and the decisions of the questions involved can no longer be avoided.

Notwithstanding the pointed intimations in the opinions above referred to, the auditing judge, who, however, has not had the benefit of any argument on behalf of Mrs. Getz, or of any one denying the right of the testator's widow, is compelled to confess his inability to reach any other conclusion than that arrived at by Judge HANNA on the original account.

The rights conferred by the intestate laws are only taken away by a will which effectually disposes of the entire estate of the decedent; and, while a construction is not to be adopted

Adjudication.

if it can be avoided, which will lead to an intestacy, interpretation is never to assume the proportions of reformation. The question is confined to the meaning of what the testator has said, and does not extend to the consideration of what he might have said but did not. The maxim, also, is fundamental, that the heir or statutory distributee will not be disinherited except by express words or necessary intendment: Hancock's App., 112 Pa. 532; and hence, as a corollary, "he who does not claim by descent, must show a written title to himself. No intention in his favor can avail him that is not expressed in the written will. If the expressed intention is inadequate for his purpose, the law of the land and the title of the heirs must prevail, and all doubts about its adequacy must operate to his prejudice:" Brendlinger v. Brendlinger, 26 Pa. 132.

It is very clear that, while by the clause immediately preceding one half of the residuary estate is given to the testator's brother and sister, absolutely and in fee-simple, their interests under the clause relating to the property given in trust, are limited to the terms of their respective lives. It seems no less clear that if the sister should die as the brother has done, without leaving children or issue, an intestacy as to the entire residuary trust-estate will be disclosed. The intestacy in this respect existed at the death of the testator, subject to being defeated by the vesting of the estate in persons capable of taking under the provisions of the will at the expiration of the life-estate. If a contingent remainder is created by deed, the estate, until the contingency has determined, continues in the grantor or his heirs; if the creation is by will, it continues in like manner in the persons entitled under the residuary clause or intestate laws, as the case may be, who stand in the place of the testator. It is quite immaterial, therefore, that until the time designated by the will, it cannot be known whether the remainder will take effect or not. If in point of fact it does not, the will to this extent has failed ab initio, and the distribution of so much of the estate as it does not dispose of, must necessarily be under the statute. The rights of the statutory distributee are fixed at the moment of the death of the ancestor, and no delay in the falling in of the estate or in the discovery of the fact that part of it passes under the statute, can take them away, even if the distributee should die before the dis-

covery. In case of such death, the representatives of the distributee will take his or her place. The law gives to the widow of one who dies without children or issue, one half of the personal estate, not disposed of by a will whose provisions she has accepted, absolutely. If the estate so passing consists of securities not beginning to bear interest until, say, five years after the husband's death or beginning of the intestacy, and not maturing until a still later period, it could not be contended that, because of the widow's death before the interest had begun to run, her executor or administrator was on that account not entitled to her share of the income when it did begin, and of the principal afterwards. If entitled to the principal she must be entitled to the intervening interest.

That the widow's rights, under the statute, in the personal estate of the husband, are not affected by her death before the maturity or realization of the portion of the estate to which they relate, seems so clear as to require no citation of authority; but the point has been expressly decided in numerous cases, some of which were cited by Mr. PARSONS: Conger v. Barker, 11 Ohio 15; Armstrong v. Grandin, 39 Ohio 386; Kingsbury v. Scovill, 26 Conn. 349; Miller v. Miller, 10 Metc. 393; People v. Conklin, 2 Hill 76. And Deginther's App., 83 Pa. 339, is a further illustration of the same principle. Of course, as a widow's interest in real estate, under the statute, is restricted to her lifetime, her representatives would have no right to a share of rents falling due after a life-estate, created by the will, not terminating until after her death; but, in the case under consideration, the estate with reference to which the question arises, is personal property exclusively.

If, as must be conceded, there will be an intestacy as to the whole of the trust fund, in the event of the death of the surviving tenant for life without children or issue, where in the will is anything found which gives to the survivor more than one half of the income, or to her children, if she should leave any, more than one half of the principal? The gift of interest is not to the brother and sister for life and the life of the survivor, nor is the principal, in its entirety, given to a class composed of the children, per stirpes, of the two; in case of such a gift, the whole, under well-settled principles, would go to such members of the class, even if they were all children of but one

Adjudication.

of the tenants for life, as might be living at the determination of the life-estate. But the testator, with or without reason, has chosen to sever the fund and to make a distinct gift of one half of the interest and afterwards of a corresponding half of the principal to one class composed of the brother and at his death his children, and of the other half to another class composed of the sister and at her death her children; and there is nothing, whatever, which, under any circumstances, gives the share of one class, either of interest or principal, to the other. The proportion of interest to which the surviving tenant for life is entitled is not increased by anything provided in the will, by reason of the death of the other tenant for life without children; and the postponement of the distribution of the principal to the time of her death is only that she may have until then the advantage of half the interest of an entire fund, as in Wilen's App., 105 Pa. 121, instead of the interest of half the fund, which might be less certain; but the intestacy, made apparent by the death of the brother without children, extends to principal as well as income, though the distribution of principal, for the reason mentioned, cannot yet take place.

Let us look again at what the testator has said, bearing in mind that the will appears to have been carefully drawn, and that it gives no indication of illiteracy or incapacity on his part in the expression of his wishes :—

"I give . . . . . the other part . . . . . to my executors . . . . . in trust . . . . . to pay the said rents, issues and profits of the realty and the income from the personalty to my brother, Thomas H. DeSilver, and my sister, Caroline E. Getz, during their *respective* lives, share and share alike, and upon the death of either the *children* of the deceased to receive *with* the survivor *one half* part of such rents . . . . . of the realty and income of the personalty; and upon the death of both my said brother and sister, in trust to divide and distribute the said one half part of all the rest, residue and remainder of my real and personal estate to and among the children of my said brother and sister in the *following manner :* The *children* of my *brother*, Thomas H. DeSilver, to take and receive *one half* of the said one half part, or *one fourth of my residuary estate*, and the children of Caroline E. Getz to take and receive the *other* half of the said half part, or *one fourth*

### Adjudication.

*of my residuary estate;* and if any of the children of my said brother or sister should be deceased at the time of my death or at the time of such *division* and *distribution, leaving issue,* such issue shall take and receive the *same* share and proportion his, her or their parent would receive if he or she were living at the time of such *division or distribution.*"

There seems no room for implication here. The only gift to Mrs. Getz is of one half of the income, and the only gift to her children, of one half of the principal; the gift of the other half of the income at the death of George H. DeSilver, and of the other half of the principal at the death of Mrs. Getz, fails, because the class mentioned as recipients are not in being. Hence, the interest devolving upon the widow of the testator under the statute has not, except to the extent of the life-estate, been divested; and whatever she would have taken if living must go to her executor or administrator.

Had the failure of the testamentary disposition been with regard to specific property, it would have enured to the benefit of the residuary legatee or devisee; but, as it was of part of the residue itself, the consequence, to that extent, is an intestacy: Reed's Est., 82 Pa. 428; Williams v. Neff, 52 Pa. 326; one half going to the testator's widow or her representatives, and the other to his next of kin at the time of his death, or their representatives, even though she has taken under the will: Carman's App., 2 Penny. 333; Grim's App., 109 Pa. 391.

—A distribution was thereupon reported, directing the principal shown by the account, to wit, $36,053.49, to be held according to the provisions of the will, and the balance of income, to wit, $1,435.61, to be paid, after deducting the costs, as follows: one half thereof to Mrs. Caroline E. Getz; one fourth to the executor of Mrs. Aubert, the testator's widow; and one fourth to the testator's next of kin, and the personal representatives of such of them as had died.

Exceptions to the adjudication having been argued before the court in banc, the adjudication was confirmed and distribution decreed accordingly. Thereupon Mrs. Caroline E. Getz took this appeal, specifying that the court erred:

1. In holding that as to one half of the income of the trust fund, under the will of George P. DeSilver, deceased, the testator died intestate, and the said one half of the income should be paid to testator's heirs-at-law.

2. In not deciding that the entire income of said trust fund was payable to Caroline E. Getz.

*Mr. John G. Johnson,* for the appellant.

Counsel cited: Coleman & Jarrom, 4 Ch. D. 171; Gowling v. Thompson, L. R. 11 Eq. 366; Green v. Stephens, 12 Ves. 419; s. c. 17 Ves. 64; Horne v. Barton, 19 Ves. 398.

*Mr. James Parsons,* for the appellee.

Counsel cited: (1) Eby's App., 84 Pa. 244; Ivins' App., 106 Pa. 176; Howe's App., 126 Pa. 241; Miller v. Miller, 10 Metc. 393; Kingsbury v. Scovill, 26 Conn. 349; Deginther's App., 83 Pa. 339; Lynch v. Lynch, 132 Pa. 422; Keim's App., 125 Pa. 480; High's Est., 136 Pa. 222; McCurdy's App., 124 Pa. 99; Huber's App., 80 Pa. 348.   (2) Schriver v. Corbeau, 4 W. 130; Roberts's App., 59 Pa. 70; Provenchere's App., 67 Pa. 463; Peterson's App., 88 Pa. 397; Hopkins v. Jones, 2 Pa. 69; Chess's App., 87 Pa. 362; May's App., 41 Pa. 512; Coggins' App., 124 Pa. 10.

PER CURIAM:

This decree is affirmed upon the opinion of the learned judge of the Orphans' Court, and

The appeal dismissed, at the costs of the appellant.