# Moore *v*. Deyo, Appellant.

*Wills—Vested remainders—Sale of remainder—Trusts and trustees—Spendthrift trust—Failure of charitable gift.*

Where a testator creates spendthrift trusts in favor of his children for life with remainder to charities, and the charitable gifts fail by reason of the death of the testator within thirty days from the execution of the will, the children take the remainders under the intestate laws and have such a title as they can sell and convey.

Argued March 21, 1905. Appeal, No. 49, Jan. T., 1905, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1904, No. 824, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Albert H. Moore v. Jonathan Deyo. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

WILLSON, P. J., filed the following opinion :

By the will of the plaintiff's father, spendthrift's trusts were created in favor of the testator's three sons in such a way that on the death of any one or more of the three, the benefit of the trust estate passed to the survivor or survivors. The trusts were to continue during the life or lives of the beneficiaries. The residue of the estate, after the termination of the trusts, was bequeathed for charitable uses, but in consequence of the testator's death having occurred less than thirty days after the making of his will, the provisions of his will for the benefit of charities became null and void. He must, therefore, be regarded as having died intestate with reference to such residue. Under these circumstances the plaintiff·entered into a contract with the defendant for the sale of $5,000 of what was claimed to be his share of the residue for the sum of $2,000, undertaking in the instrument of sale that he had a vested interest, and therefore a right to make the sale. This is the substance and legal effect of the contract, though not intended to be a literal expression of it. The purchaser, the defendant in this case, however, declined to carry out the

agreement of purchase and sale, on the alleged ground that the plaintiff had no vested estate in said residue, and therefore that the defendant was not bound by his contract of purchase. The matters just stated are a substantial summary of what is contained in the statement and the affidavit of defense. The question which arises is a single one, namely, whether or not the plaintiff, at the time of his contract with the defendant, had, in point of fact, any vested dominion over a portion of the estate as to which his father died intestate, so that the plaintiff could make a valid contract of sale with the defendant, such as he claims the right to make.

We are of the opinion that he had, though it may seem somewhat anomalous that one whose entire beneficial interest for life would be that of a cestui que trust in the enjoyment of an income from the property, should have an absolute and vested interest in the corpus of the estate, although he could by no possibility come into full exercise and control over it so long as he lived, yet there does not seem to be any necessary legal incongruity in such a state of facts. Upon the occurring of the intestacy, the residue of the estate, which must be regarded as wholly personal, passed at once to the next of kin of the testator. This seemed to be settled beyond peradventure in Bell's Estate, 147 Pa. 389, and by many other cases which could be cited. In other words, those who would take the estate in remainder were, by the law determined to be those who would have taken it at once upon the death of the testator if there had been no trust estates created by his will. The three sons of the plaintiff's father were the next of kin of the testator, and the remainder of his estate, that which was left after the termination of the trusts, passed at once to them upon the death of their father, notwithstanding the entire residue of his estate was covered for the entire period of their lives by the provisions of the spendthrift's trusts which he had created in their favor. In consequence of this the plaintiff became entitled to one third of this estate in remainder as a vested estate, which he could bequeath by will or part with by assignment, although, of course, no person taking under him could acquire any right of possession or enjoyment until after his death and the death of his brothers. This seems to us the necessary and logical view of the case to take in view of the

undoubted legal doctrine, that intestacy as to any part of a decedent's estate is to be determined as of the date of the death of the deceased. Judgment, therefore, will be entered in favor of the plaintiff.

*Error assigned* was the order of the court.

*Lewis H. Van Dusen*, for appellant.—The practical result of holding plaintiff's interest in remainder to be vested would be to defeat the intention of the testator as expressed in the spendthrift trusts, inasmuch as plaintiff would thus come into a partial enjoyment of the corpus of the estate by virtue of his right and power to assign and sell the same as vested : Johnston's Est., 185 Pa. 179.

An interest in remainder is not vested unless there is a present capacity to take and enjoy in the remainderman : Evans's Lessee v. Davis, 1 Yeates, 332 ; Manderson v. Lukens, 23 Pa. 31 ; Sager v. Galloway, 113 Pa. 500 ; Gerber's Estate, 196 Pa. 366.

*V. Gilpin Robinson*, with him *John M. Gardner*, for appellee.—Albert H. Moore had a vested interest in an estate in remainder as to which there was an intestacy : Moore's Est., 198 Pa. 611 ; Lancaster v. Flowers, 198 Pa. 614 ; Snyder's Est., 180 Pa. 70 ; Gibson's App., 108 Pa. 244 ; Lynch v. Lynch, 132 Pa. 422 ; Seitzinger's Est., 170 Pa. 500 ; Phila. Trust, etc., Co., v. Guillou, 100 Pa. 254 ; Doane v. Gordon, 39 App. Div. 639 (57 N. Y. Supp. 1137) ; Kane's Estate, 185 Pa. 544 ; Bell's Estate, 147 Pa. 389 ; Gray's Estate, 147 Pa. 67 ; Snyder's Estate, 180 Pa. 70 ; Nebinger's Estate, 185 Pa. 399 ; Conley's Estate, 197 Pa. 291 ; Seiber's Appeal, 9 Atlantic Repr. 863.

PER CURIAM, May 15, 1905 :

The judgment is affirmed on the opinion of the learned judge of the common pleas.