pellee here recovered in the court below for injuries received in the same accident that was the basis of recovery in that case. Both cases were argued together, the facts and the law governing being the same in each. For the reasons stated in the opinion filed in No. 405, January Term, 1909, the assignments of error in this case are overruled, and the judgment is affirmed.

---

# Milliken's Estate.

*Wills—Trusts and trustees—Intestacy—Principal and income— Division and distribution of corpus.*

A testator gave his estate to trustees directing that his wife should "during her lifetime receive out of the income of this my estate one-half thereof," and that one-half of the corpus from which such income was derived should immediately upon his wife's death be divided among his three children, and as to the "rest and residue of this trust," he directed "that the interest and income accruing therefrom shall be shared by my three children alike" for life. He further directed as follows "In the event of the death of either my sons or daughter leaving issue—such issue shall take the same portion as the parent—be there one or many. The payment of the annuity to and among my children shall continue until the first death of any of my children after my decease—in that case as each of my grandchildren being issue of such deceased child of mine attains the age of twenty-one years he or she shall have the corpus or principal of any estate he or she is entitled to, taking only such portion as would come to the parent after division among such parents' children per stirpes and not per capita. It is my will and I direct in case of the next of any of my children dying, the same order shall be observed, that is, that as each child attains the age of twenty-one he or she receive his or her proper share of the corpus of my estate, and so, after the death of my third or last child—My intent is that each of my three children shall receive only the income of my estate during their life excepting the one-half which they receive at my wife's death and the like with their children, and that the proper share of the corpus or principal of my estate shall vest only in my grandchildren and then only in case that the parent of my blood be deceased and the grandchild be twenty-one years of age." *Held* that the death of one of the children without issue in the lifetime of the widow and the other two children, created an intestacy

as to the income only of that portion of the estate covered by the gift to such child, and did not call for the retiring from the trust of a sixth part of the principal of the estate.

Argued Feb. 16, 1910. Appeal, No. 17, Jan. T., 1910, by Alice N. Milliken, J. I. B. Milliken and Anna B. Cullum, from decree of O. C. Schuylkill Co., Sept. T., 1908, No. 16, distributing balance in hand of trustees in Estate of Allan C. Milliken, deceased. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Audit of account of trustees and distribution thereunder.

The facts appear in the following opinion by WILHELM, P. J.

Allan C. Milliken died on December 12, 1905, leaving to survive him his widow, Alice N. Milliken, a daughter, Anna B. Cullum, who is the mother of two children, to wit: James B. Cullum and Allan Milliken Cullum, a son J. I. B. Milliken, who is the father of A. C. Milliken, and a son, Joshua Rhodes Milliken, who died on April 24, 1908, unmarried and without issue.

After making certain specific bequests the decedent provided for the persons hereinbefore named as follows:

"As to all the rest and residue of my estate, whether real, personal or mixed, I give and devise and bequeath the same unto The Provident Life and Trust Company, of Phila., and Doctor Francis W. Boyer, of Pottsville, Penna., in trust nevertheless that they do perform the following Trusts and my will as hereinafter set forth, and in thus distributing my estate I do under agreement made by my wife that she will surrender all the Policies of Insurance (save the one heretofore mentioned in the Will) now standing in her name, and that the proceeds thereof shall be part of my estate and shall be collectible in like manner by the above named Executors and Administrators as if they stood in my name.

"(b) My beloved Wife shall during her lifetime receive out of the income of this my estate one-half thereof and at her death this said one-half of the corpus of the estate from which the said income was derived shall be immediately

taken out of the trust and shall be divided equally between my said three children and in event of the death of any of my children at that time they having issue—the issue shall take the same part or share that the parent would have taken if alive.

"(c) My above-named Trustees and Executors, shall pay to my dear Mother, Mrs. Mary E. Milliken, of Hollidaysburg, Penna.,—the sum of twelve hundred dollars annually, so long as she may live, and I direct at my mother's death that the sum of three hundred dollars shall be paid to the following named person—my brother James F. Milliken three hundred dollars annually. At the death of my Mother nine hundred dollars shall revert to my estate and at the death of my brother above mentioned three hundred dollars shall revert to my Estate. In other words the principal set aside for above mentioned trust shall revert to my estate at the death of my Mother & Brother.

"(d) As to the rest and residue of this Trust I direct that the interest and Income accruing therefrom shall be shared by my three children alike, but shall be paid under the following conditions—To my daughter Anna B. Cullum the full equal one-third thereof annually so long as she may live. To J. I. B. Milliken the sum of two thousand dollars and to Joshua Rhodes Milliken the sum of two thousand dollars each annually until the said Joshua Rhodes Milliken shall arrive at the age of twenty-five years—when and after so long as they shall live—they shall receive the equal one-third share each and they shall at that time receive the accumulated income withheld during the prior years, that is from the time the interest first accrued so that each and their sister Anna B. Cullum may all have rec'd an equal sum of money up to the time my son Joshua Rhodes Milliken arrives at twenty-five years of age.

"(e) In event of the death of either my sons or daughter leaving issue—such issue shall take the same portion as the parent—be there one or many. The payment of the Annuity to and among my children shall continue until the first death of any of my children after my decease—in that case as each

of my Grandchildren being issue of such deceased child of mine, attains the age of twenty-one years he or she shall have the corpus or principal of any Estate he or she is entitled to, taking only such portion as would come to the parent after division among such parents' children, per stripes and not per capita. It is my will and I direct in case of the next of any of my children dying, the same order shall be observed, that is, that as each child attains the age of twenty-one he or she receive his or her proper share of the corpus of my Estate, and so after the death of my third or last child—My intent is that each of my three children shall receive only the income of my Estate during their life excepting the one-half which they receive at my wife's death and the like with their children, and that the proper share of the corpus or principal of my Estate shall vest only in my Grandchildren and then only in case that the parent of my blood be deceased and the grandchild be twenty-one years of age."

A careful study of the above provisions of the will brings conviction that the testator had a well-defined scheme in his mind as to the disposition of his estate. His first thought was to provide for the comfort of his wife during her life. Knowing that one-half of the income of his estate would accomplish ample provision for his wife as long as she lived, he divided the residue of his estate into two equal portions, one part, after the death of his wife, to become the absolute property of his children, the other half to become the property of his grandchildren at a certain time as set out in the will. There can be no doubt that he was just as desirous that the full one-half portion of his estate would surely come to his grandchildren as that his children should come into the full enjoyment of the other half of his estate after the death of his wife.

In order to make his plan most surely effective he devised the residue of his estate to trustees and defined the time at which the trust was to be dissolved and the corpus of the estate should go to the designated classes of heirs. It is clear from the testator's language, that his thought was to provide for his wife, children and grandchildren as certainly as

the means at hand would afford by the creation of the trust. It is equally clear that it was his purpose to protect each class of his beneficiaries as far as possible from the importunities of others, their own improvidence and the risks of trade and he was just as solicitous that this protection should preserve the interests of his grandchildren as he was that his children should be the beneficiaries of his protection. Therefore, he divided the residuary estate into two equal portions, the one portion to retire from the trust on the death of his wife, and the other full portion to remain in the trust until his grandchildren reached the age, when in his judgment they would be best qualified to take charge of their inheritance.

In order to make certain that his grandchildren would come into their full one-half part of the principal of his estate which he set aside for them he provided: "My intent is that each of my three children shall only receive the income of my estate during their life excepting the one-half which they receive at my wife's death."

In other words, he wanted his children and grandchildren to be equally provided for, each class to inherit the same portion of the corpus of his estate. His plan was perfectly lawful and would have worked out satisfactorily to everybody interested, but for the fact, that Joshua Rhodes Milliken died without issue.

When we say that the testator divided his estate into two equal portions, we do not wish it to be understood that we find the testator directed his executors to make an actual division of the fund so that there would come to his widow during her life the income of one-half of the principal estate and to his children the income of the other half because the provisions of the will do not warrant such a condition. The evident intent of the testator was, that his executors should manage his estate in its entirety and without any division of the principal fund in their hands down to the time when his wife should die, because he says, "My beloved wife shall during her lifetime receive out of the income of this my Estate one-half thereof." This language would certainly indicate that one-half of the income of his whole estate was in-

tended to go to his wife and precludes any construction that it was his intention that his wife should receive the income of only one-half of his estate. This conclusion is strengthened because in treating of the balance of the estate remaining in the trust after one-half of the estate has been divided among his children upon the death of their mother he uses the following language: "As to the rest and residue of this trust I direct that the interest and income accruing therefrom shall be shared by my three children alike, but shall be paid under the following conditions—To my daughter Anna B. Cullum the full equal one-third thereof annually so long as she may live. To J. I. B. Milliken the sum of two thousand dollars and to Joshua Rhodes Milliken the sum of two thousand dollars each annually until the said Joshua Rhodes Milliken shall arrive at the age of twenty-five years—when and after so long as they shall live—they shall receive the equal one-third share each and they shall at that time receive the accumulated income withheld during the prior years, that is from the time the interest first accrued so that each and their sister Anna B. Cullum may all have received an equal sum of money up to the time my son Joshua Rhodes Milliken arrives at twenty-five years of age."

This paragraph certainly indicates that the testator never had in mind any division of the corpus of the estate so long as it remained in the trust, and that his intention was that his wife and children were to receive the proportions of the income of his entire estate remaining in the trust as he directed in his will.

It is contended that the death of Joshua Rhodes Milliken without issue has created a condition as to the corpus of that portion of the estate reserved for the grandchildren not provided for in the will, therefore, an intestacy to one-sixth part of the corpus of the estate exists and is presently distributable, because there is no provision made in the will for what shall become of the share of a child dying without issue, either as to principal or income. We can subscribe to this view in so far as it disposes of the income, but as to the principal it was clearly the intention of the testator that the full equal

one-half part of the corpus should ultimately vest in his grandchildren.

The will is to be construed in its entirety and in the light shed upon it by the fact that the principal of the second portion is never to be enjoyed by the children and a distribution of the corpus of the second portion is in express terms deferred until each grandchild attains the age of twenty-one years, and then only in the event of the death of its parent. We feel we would be violating the terms of the will if a portion of the principal of the estate should at this time be retired from the trust.

We are further confirmed in this view, because it is provided that in the event of the death of either of the surviving children the issue of such child is entitled to the income of the estate to which the parent was entitled; that is, to a share of the whole income of that portion of the estate set aside by the will, and we have no power to deprive them of any portion of it.

Under the ruling in DeSilver's Est., Aubert's App., 119 Pa. 48, there is an intestacy to the income only of that portion of the estate covered by the bequest to Joshua Rhodes Milliken; and the intestacy relates back to the date of the death of the decedent and distribution will be made accordingly: Stewart's Est., 147 Pa. 383.

*Error assigned* was the decree of distribution.

*Guy E. Farquhar*, with him *Otto E. Farquhar*, for appellants.—An heir at law or person entitled under the intestate laws can be disinherited only by an express devise or by necessary implication, and the implication must be so strong that an intention to the contrary cannot be supported: Rupp v. Eberly, 79 Pa. 141; Bender v. Dietrick, 7 W. & S. 284; Hitchcock v. Hitchcock, 35 Pa. 393; Harrison's Est., Barry's App., 20 W. N. C. 26; Bloodgood's Est., 8 Pa. C. C. Rep. 546; Faulstich's Est., 154 Pa. 188; Cowles v. Cowles, 53 Pa. 175; France's Est., 75 Pa. 220; Shaner v. Wilson, 207 Pa. 550; Kane's Est., 185 Pa. 544; Brendlinger v. Brendlinger, 26 Pa.

131; Nebinger's Est., 185 Pa. 399; Abel v. Abel, 201 Pa. 543; Corr's Est., 202 Pa. 391.

*Charles E. Berger*, for Charles E. Berger, guardian ad litem for James B. Cullum and Allan Milliken, minor children of Anna B. Cullum; and Allan C. Milliken, minor child of J. I. B. Milliken, appellee.—The grandchildren have an interest in having the trust fund remain intact until the period of distribution fixed by the will is at hand: Wilen's App., 105 Pa. 121; Aubert's App., DeSilver's Est., 119 Pa. 48; Getz's App., 125 Pa. 611; DeSilver's Est., 142 Pa. 74; DuPlaine's Est., 185 Pa. 332; McCallum's Est., 211 Pa. 205.

*H. Gordon McCouch*, with him *Norman S. Farquhar*, for The Provident Life & Trust Company of Philadelphia and Francis W. Boyer, M. D., trustees, appellees.

PER CURIAM, March 28, 1910:
The decree of distribution is affirmed for the reasons stated in the opinion of the learned judge of the orphans' court.

---

## Powell, Appellant, *v.* Scranton.

*Res adjudicata—Quarter sessions—Equity—Municipalities—Annexation of land.*

An order of the quarter sessions by which territory is annexed to a city, unappealed from, is a final judgment and cannot be attacked in a collateral proceeding in equity.

Argued Feb. 21, 1910. Appeal, No. 332, Jan. T., 1909, by plaintiff, from judgment of the Superior Court, March T., 1909, No. 68, affirming decree of C. P. Lackawanna Co., Sept. T., 1908, No. 35, dismissing bill in equity in case of David J. Powell v. City of Scranton, City of Scranton School District and F. L. Hitchcock, Treasurer of City of Scranton. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.