## Heintzelman Estate

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ. The facts appear from the following extracts from the adjudication of

HUNTER, J., Auditing Judge.—Joseph A. Heintzelman died on November 7, 1947, leaving a will duly admitted to probate. . . .

Several questions are submitted for determination.

Are the legacies mentioned in paragraph 6 of the will payable without inheritance tax deduction? Every legacy must pay its own tax unless by express testamentary directions the legacy is bequeathed tax free. In paragraph 8 of the will testator expressly directs the payment of three pecuniary legacies tax-free. If he had intended the legacies in paragraph 6 of the will to be tax-free, he would have said so. I find nothing in the language of the will that even suggests such an intention. The legacies will be awarded subject to tax. . . .

In the residuary clause of his will testator bequeaths certain pecuniary legacies in fixed amounts, but did not provide for the disposition of the balance remaining after payment of these legacies. The legatees of these pecuniary legacies claim the balance in proportion to their respective legacies. There is nothing in the language of the will which indicates that the amounts of these legacies are to be so increased, and the court cannot insert a substantive disposition of property which testator himself failed to make. The rights conferred by the intestate laws are only taken away by a will which effectually disposes of the entire estate of decedent; and, while a construction is not to be adopted if it can be avoided which will lead to an intestacy, interpretation is never to assume the proportions of reformation. The question is confined to the meaning of what testator has said, and does not extend to the consideration of what he might have said but did not: De Silver's Estate, 142 Pa. 74. I find that the residue remaining after payment of the legacies in paragraph 6 of the will is not disposed of, and as to that portion of his estate decedent died intestate.

*Gerald Ronon, J. Horace Churchman, Walter B. Gibbons,* and *B. I. deYoung,* for exceptants.

*Vincent C. Veldorale,* contra.

SINKLER, P. J., January 28, 1949.—Testator died November 7, 1947. His will was executed September 12, 1947. By the early paragraphs he made certain bequests, among them $5,000 in trust for his sister, Louise Gerhold, and $3,000 in trust for his brother, Ernest. The residuary estate is given, in amounts ranging from $500 to $2,000, to six institutions, and $3,000 to an individual. No disposition is made by the terms of the will of the balance remaining.

The legatees submitted their claims to the auditing judge that the balance be distributed among them in proportion to their respective legacies. He held that "the court cannot insert a substantive disposition of property which testator himself failed to make", and held that testator died intestate as to the surplus remaining after the payment of the pecuniary legacies provided in the residuary clause.

Exceptions have been filed by four of the institutions and briefs in support thereof; likewise a brief against the exceptions by counsel for accountant.

We are agreed that the question was correctly decided by the auditing judge. We have to add only comment upon an argument advanced before the court en banc, not passed upon by the auditing judge, and probably not raised before him. It is argued that legacies given to the sister by paragraph 3, and to the brother by paragraph 4, constitute the entire benefit which they are to enjoy from testator's estate, and that they, being his next of kin, may not take the surplus remaining after the payment of the pecuniary legacies provided by the residuary clause. It may be argued with equal force that testator fixed the amounts bequeathed to the institutions and to the individuals named in the residuary clause, and that they are not

entitled to share further in the distribution of his estate.

The auditing judge held that the legacies bequeathed by the sixth paragraph of decedent's will were subject to tax. Exceptions to this holding were filed on behalf of some of the legatees named therein. The auditing judge correctly decided that the legacies bequeathed by this paragraph were subject to tax.

The exceptions are dismissed and the adjudication is confirmed absolutely.