Sol Whiteman v. Commissioner.
Whiteman v. Commissioner
Docket No. 5258-69.
United States Tax Court
T.C. Memo 1973-124; 1973 Tax Ct. Memo LEXIS 163; 32 T.C.M. (CCH) 543; T.C.M. (RIA) 73124; June 11, 1973, Filed *163 Losses: Theft: Jewelry and furs: Stamp collection: Valuation: Substantiation. - The taxpayer who suffered the theft loss of jewelry, furs and a stamp collection was denied a deduction in the one instance and was granted an increased deduction in the other. He failed to establish the value of the jewelry and furs and his actual ownership of them. On the testimony of a postmaster and a stamp dealer, however, the estimated value of the stolen stamps was substantially increased and the corresponding deduction allowed. J. Earl Epstein, *164 Fox Bldg., 1612 Market St., Philadelphia, Pa. for the petitioner. Stephen P. Cadden, for the respondent. GOFFE
Memorandum Findings of Fact and Opinion GOFFE, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1966 in the amount of $16,377.59. Petitioner, in his petition, claims in an overpayment of tax in the amount of $2,309.12. The sole issue for decision is the deductibility of a casulaty loss resulting from a single theft from petitioner's home. The time and occurrence of the theft is not disputed by the respondent; the limited questions here are ownership by petitioner of some of the property stolen and substantiation of the amount of the loss. Petitioner, on his return, claimed a total deduction for the theft loss of $40,955 composed of a $35,000 loss of his postage stamp collection, a $27,381 loss of jewelry, furs, cash, and miscellaneous property, offset by casualty insurance policy proceeds of $21,326 ($500 paid petitioner for loss of the stamp collection and $20,826 paid petitioner for loss of the jewelry, furs, cash and miscellaneous property) and further offset by the $100 limitation under section 165(c) (3) of the Internal Revenue Code *165 . [1] Respondent disallowed the entire loss claimed on the grounds of lack of substantiation. Petitioner claims, in his petition, that the net loss on the stamp collection should be $59,500 instead of the $34,500 he deducted on his return which creates the overpayment of tax he prayed for in his petition. Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein. Petitioner Sol Whiteman was a widower residing in Cheltenham, Pa. at the time he filed his petition herein. His daughter, Carol, was a minor and resided with petitioner. Petitioner filed his Federal income tax return for the taxable year 1966 with the district director of internal revenue at Philadelphia, Pa.
Respondent contends that the portion of the loss claimed for jewelry, furs, cash and miscellaneous property is not allowable because petitioner has failed to prove he was the owner of the property stolen and further because he has failed to prove the amount of the loss. With respect to the portion of the loss claimed for the postage *166 stamp collection, respondent contends the amount of the loss has not been substantiated. The jewelry, furs and miscellaneous property were owned by petitioner's wife, H. Jane Whiteman, who died intestate in June 1965. She left an estate consisting of the property mentioned and stocks and bonds. As administrator of his wife's estate, petitioner employed attorneys to represent him in the administration of the estate. At the time of the trial herein it was unclear from all the evidence introduced whether the estate was still in the process of administration or was closed and the assets distributed. Petitioner did not introduce in evidence the inventory of assets in his wife's estate or estate tax return for his wife's estate.However, he testified that he had an appraisal made of the jewelry and furs in December 1965 for insurance coverage purposes but did not introduce in evidence any appraisal report. The pleadings in the administration proceeding of his wife's estate and evidence of the appraisal are easily within the reach of petitioner and his failure to produce them leads us to conclude that such evidence would not be favorable. Wichita Terminal Elevator Co., 6 T.C. 1158 (1946), *167 affd. 162 F.2d 513 (C.A. 10,1947). We hold that petitioner has failed to prove the fair market value of the jewelry and furs stolen from his home and, therefore, he has not shown that he is entitled to deduct a loss from the theft of jewelry and furs. Moreover, we have serious doubt as to whether he was the owner of the property. We recognize that under the law of Pennsylvania petitioner and his minor daughter succeeded in equal shares to the property owned by Mrs. Whiteman at the time of her death (20 P.S. secs. 1.1 and 1.2) and because Mrs. Whiteman died intestate, title in such property vests in the heirs at the time of death. In re Knox's Estate, 328 Pa. 188, 195 A. 34 (1937). The daughter, Carol Whiteman, testified that she had no interest in the furs and jewelry; that she wanted her father to have them; and that she disclaimed any interest in them. We are furnished with no authority that this is a sufficient disclaimer to vest title in petitioner in the one-half of his wife's personal property going to the daughter. We were furnished with no pleadings from the probate proceedings reflecting a disclaimer by Carol and indeed we were furnished with *168 no authority showing that a minor child, without the appointment of a guardian ad litem, can make a binding disclaimer in a probate proceeding. The taxpayer must prove that he was the owner of the property stolen in order to deduct the theft loss. Thomas J. Draper, 15 T.C. 135 (1950). This he has not done. We hold that petitioner has failed to substantiate the loss he claimed for the jewelry, furs, cash and miscellaneous property because, primarily, he did not introduce evidence which was apparently readily available to substantiate his testimony. Wichita Terminal Elevator Co., supra; Secs. 1.165-7 and 1.165-8(c), Income Tax Regs.
The evidence petitioner submitted to support his deduction for the loss of the stamp collection is another matter. It is true that petitioner had no inventory of the stamps which were stolen but his failure to have an inventory is not necessarily fatal to his case. The testimony of petitioner corroborated by the testimony of the local postmaster, convinces us that we must find the following facts. The theft of the postage stamp collection and the jewelry, furs, cash and miscellaneous property occurred during the evening *169 of January 7, 1966 while petitioner and his family were away from home. None of the items stolen were ever recovered. Petitioner engaged in the hobby of collecting stamps since 1923. In some instances petitioner's wife purchased stamps but she took no interest in the hobby and merely purchased the stamps as petitioner's agent. Petitioner's postage stamp collection consisted solely of full sheets and plate blocks of new issues of unused United Stamps stamps. It was his practice to purchase the following numbers of sheets of new issue stamps based on the demoninations of the stamps: Denominations
Number of Sheets
Up to $1.00
10
$1.00 to $3.00
2 or 3
$3.00 to $5.00
1 or 2
Petitioner began purchasing plate blocks of new issue United States stamps in 1930. His average purchase was forty blocks per issue. Both the purchases by petitioner and those of his wife for his benefit were primarily made at United States post offices. Petitioner did not trade in the stamps he purchased but instead retained them. They were not cataloged, mounted or even retained in one location in his home, but were, instead, scattered throughout the house in various boxes. *170 The postmaster of the local post office where most of the stamps were purchased for the past ten years testified that he visited petitioner's home on several occasions prior to the theft. The postmaster, also a stamp collector, estimated petitioner's collection to be worth between $50,000 and $60,000. If anyone would be competent to estimate the worth of sheets of stamps it would be a postmaster. On his income tax return for 1966 wherein he claimed the theft loss deduction, petitioner valued the collection at $35,000 but in his petition he claimed that the value was $60,000. His increase in valuation was based upon his attempt, in preparation for trial, of reconstructing an inventory of the stamp collection and applying a price to the stamps from the Scott Stamp Catalog, a recognized standard pricing catalog. The only stamps not stolen were listed by the Federal Bureau of Investigation, who assisted in the investigation of the burglary, and consisted primarily of new plate blocks having a cost of $25. Respondent offered no proof to rebut the testimony of petitioner, the postmaster, and a stamp dealer who testified concerning the general practices of collectors of new issues *171 and the magnitude of their collections. The amount of the loss deductible for theft of property is the lower of the fair market value of the property immediately prior to the theft or the adjusted basis of such property for the purpose of determining the gain or loss upon the sale or other disposition of the property. Sec. 1.165-8(c), Income Tax Regs. Since all of the postage stamps stolen were unused their fair market value must at least be equal to their basis (cost) because they could be utilized as postage. Accordingly, we need only be concerned with the cost of the stamps. We have carefully considered the testimony of petitioner and that of the disinterested witnesses; i.e., the postmaster and stamp dealer, and we carefully considered their appearance and demeanor on the witness stand. In view of their testimony and all the other evidence introduced at the trial, we conclude that the cost of petitioner's postage stamp collection at the time of the theft was $50,000. We find, therefore, that the theft loss of petitioner allowable for the taxable year 1966 is $49,375, computed as follows: Postage Stamp Collection
$50,000
Less stamps not stolen
25
$49,975
Less insurance proceeds
500
49,475
Less limitation under sec. 165(c) (3)
100
$49,375
*172 We do not consider the deduction claimed for the personal property previously owned by petitioner's wife in the computation above because we have held that petitioner did not prove the amount of the loss and did not prove he was the owner of the property at the time of the theft. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩