# Dale *versus* Dale.

Where the words of a will are, "that the proceeds from the sale of my real estate shall be loaned out and amply secured, so that my wife may get the interest annually, as long as she shall remain my widow, for the support of herself and my daughter; and if at any time she should marry, then and in that case my whole property, principal and interest, to go to my child or children that I leave."

Held, to manifest an intention in the testator to postpone the child, and to bequeath his estate to his wife for life, for a specific object, to be defeated only by a second marriage.

ERROR to the Common Pleas of *Cumberland*, in a case between

[Dale *v.* Dale.]

Elizabeth Dale, widow, plaintiff, and Dale's executors, defendants, a special verdict was rendered in the case.

James J. Dale died in 1847, having made his will, and letters of administration with the will annexed, were granted to defendants. The plaintiff was his widow. The estate of deceased consisted of certain household furniture, which was delivered to the widow, under the will; a house and lot in Mechanicsburg, Cumberland county, now occupied by the widow, under the will; an interest of one-eighth in 300 acres of unimproved land, worth about $350, the interest of which has been received by the widow, and a personal estate of $3000, on which one year's interest has accrued, to the amount of $180.

The question to be determined by the court was, as to the amount the widow is entitled to under the will. She claims, in addition to what she has already received, the interest, during her natural life or widowhood, accruing on the whole personal property—or one-third of the personal property, except that mentioned in the will absolutely. If she is entitled to receive the interest of the personal estate, then judgment to be entered for her, for $180, the amount of said annual interest now on hand; or if entitled to one-third of the personal estate absolutely, then judgment to be entered for her for $1000; if to neither, then judgment to be entered for the defendants.

Will of James J. Dale:

I, James J. Dale, of the borough of Mechanicsburg, in the county of Cumberland, and state of Pennsylvania, do make and publish this, my last will and testament, hereby revoking and making void all former wills by me at any time heretofore made.— And first, I direct that all my debts and funeral expenses be paid as soon after my decease as possible, out of the first moneys that shall come into the hands of my executors, from any portion of my estate. Also, I direct that a fair valuation and appraisement be made of all my said estate, including my household furniture. And that all the real estate of which I shall die seized or possessed, shall be sold by my executors for its reasonable value, and the amount secured in such manner as is usual in like cases to insure the full and punctual payment thereof. And to effectuate this my intention, I do hereby vest in my executors full power and authority to dispose of my real estate, in fee simple or otherwise, in as full and large a manner in every respect as I could myself do if living. Also, I do direct that the whole of my household furniture shall be and remain the property of my beloved wife, so long as she shall remain my widow. Also, I do direct that the house belonging to me in the borough of Mechanicsburg, &c., is not to be sold for four years from and after my decease, but to be occu pied by my wife and her mother, as tenants in common, for that

[Dale *v.* Dale.]

length of time; and at the expiration of four years, then, if my widow desire, it may be sold, and the proceeds vested so that she shall receive and have the interest thereof, or may occupy the said house herself, and not have it sold, just as she shall choose. It is my will and intention that the proceeds from the sale of my real estate shall be loaned out and amply secured, so that my wife may get the interest annually, as long as she shall remain my widow, for the support of herself and my daughter; and if at any time she should marry, then and in that case my whole property, principal and interest, to go to my child or children that I leave."

WATTS, president, stated, *inter alia:* "There are strong reasons to believe that it was the intention of the testator, after the payment of his debts, that his wife should have the interest accruing from his whole estate, real and personal, while she remained his widow, for the maintenance and support of herself and child, and we have made an effort to give his will that interpretation, but we cannot find an expression in it which will justify such a legal conclusion. After giving his household furniture to his widow, and directing the sale of his real estate and the funding of the proceeds "so that my wife may get the interest annually, as long as she shall remain my widow, for the support of herself and my daughter," the testator adds: "And if at any time she should marry, then and in that case my whole property, principal and interest, to go to my child or children that I leave." In no part of the will is there an intimation given of what is to be done with his personal property while his widow remains unmarried. Whether the law will interpret the latter clause to be a present bequest to his child, (for he left but one,) it is not necessary to determine, for if the widow be entitled to no part of it, (she having accepted under the will,) it will go to the child, of course. We are, therefore, of opinion that the plaintiff is not entitled to recover, and, therefore, render a judgment for the defendant.

Error assigned:
The court erred in not rendering judgment for plaintiff.

*Biddle* was concerned for plaintiff.—It was contended for the widow, that as to the $3000, the decedent died either testate or intestate; if the latter, then she was entitled to one-third of it, $1000, absolutely; if the former, then, by legal and necessary implication, she was entitled to the interest on the fund so long as she remained his widow—that nothing was given to the child, except in case the widow should marry again.

*Todd* was counsel for the executors, but did not appear.

[Dale *v.* Dale.]

The opinion of the court was delivered by

ROGERS, J.—When we take this will by its four corners, it is difficult to avoid coming to the conclusion that it was the intention of the testator to bequeath his whole estate, with a trifling exception, to his wife, during widowhood, for the benefit of herself and their only child, with a limitation over to the child in the event of her marrying again. A comfortable provision for her, coupled with the maintenance and education of their infant daughter, seems to have been the principal object in view, in the disposition of the estate. These laudable objects are completely frustrated by the construction given by the court of Common Pleas, for all she receives, in that view of the will, is the interest of three hundred and fifty dollars, amounting to the paltry sum of twenty-one dollars *per annum*, a sum totally inadequate, as he must have known, for that purpose. The will, it must be granted, is obscurely worded, no direct reference being made to the personal estate, it not being even mentioned, except incidentally, on the contingency of the widow changing her condition. "It is my will and intention," says the testator, "that the proceeds of the sale of my real estate shall be loaned out and amply secured, so that my wife may get the interest annually, so long as she shall remain my widow, for the support of herself and my daughter; and if at any time she should marry, then and in that case, my *whole property, principal and interest,* to go to my child, or children that I leave." The words, "*my whole property,*" although used in connection with the realty, are sufficiently comprehensive to embrace the whole estate, of whatever description, whether real or personal, and may be well construed, without doing violence to the language of the testator, as a gift, by implication, of the personal estate to his wife, during widowhood, although not expressly named. And this version of the will is at least plausible, as it avoids the apparent obscurity of giving the personal fund to the child immediately, and then limiting it over to her, if her mother should again marry. And this would seem to bring it within the principle adverted to in Powell on Devises, 199, "that a devise to the devisor's heir, after the death of A., will give A. an estate for life by implication; but that under a devise to B., a stranger, after the death of A., no estate will arise to A. by implication."

This, as Mr. Powell says in his treatise on devises, is an exact illustration of the difference between what the law denominates necessary implication, and one which is not so. In the former, (which I take it resembles this case,) the inference that the devisor intended to give an estate for life, as he says, is irresistible, as he cannot, without the greatest absurdity, be supposed to mean to give his land to his heir at the death of A., and yet the heir should have it in the meantime, as would be the case, unless A. took it. So here the testator cannot, without the imputation of

extreme folly, be supposed to intend to give this fund to the child, if the widow marry again, and yet that the child should have it in the meantime. This view of the case has the further recommendation that as it avoids an intestacy of any part of the estate, otherwise inevitable, it thus comes out what we are bound to believe, from the tenor of the whole will, was the testator's intention. The principle of construction adverted to is, by no means, a novelty in our jurisprudence, for, that an estate may pass by implication, without express words of gift, is well established.— Thus, in addition to the authority already cited, it is ruled, that when A. devised land to his heir at law, after the death of his wife, though no estate is given to the wife in express terms, yet she shall have an estate for life by implication, for, as the court say, the intent of the testator is clearly to postpone the heir till after her death, and if she does not take nobody else can. So in Roe *vs.* Summerset, 5 *Burr.* 2608, it was held, that on a devise of a term to the testator's daughter M., after the death of his daughter B., B. took an estate by implication. The cases ruled on this point are numerous, and are all collected and collated in several elementary treatises, as Lovelass on Wills, 25 *Law Lib.* 287; Powell on Devises, 199, 22 *Law Lib.*, and Ward on Legacies, 18 *Law Lib.* 10, 11 and 12. As the cases cited are ruled on the presumed intention of the testator to postpone the heir, and because if the widow does not take nobody else can, the reasons on which these cases depend apply to this case, for here the intention to postpone the child sufficiently appears, and if the mother cannot take no person else can. Unless we give the will this construction, it contains on its face an absurdity, runs the risk of producing a partial intestacy, and, as we have reason to believe, defeats the principal design of the testator, which was to bequeath his estate to his wife for life for a specific object, to be defeated only by a second marriage. In giving the estate this direction, we not only subserve the interest of both parent and child, but, what is of much more importance, we carry out the testator's intention.

Judgment reversed, and judgment for the plaintiff. Credit $180, amount of interest now in hand.