Josephine M. Kraemer, *v.* The Guarantee Trust and Safe Deposit Co., Defendant, and Elizabeth Kitchenman, Intervener, Appellants.

*Wills—Devise by implication—Life estate.*

A devise by implication will be sustained when it is necessary to carry into effect the evident intention of the testator, as appearing from an examination of the whole will.

Where the will provides after death of wife that entire estate shall go to his two sons equally, there is irresistible implication of testator's intent that the wife should take a life estate in his entire estate.

Argued Nov. 4, 1895. Appeal No. 11, Nov. T., 1895, by defendant and intervener, from the judgment of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 926 in favor of plaintiff on case

stated.   Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, MCCARTHY AND ORLADY, JJ.   Affirmed.

Case stated (the facts of which appear sufficiently in the opinion of the court), under which the plaintiff claimed to be entitled to the income of the entire estate for life.   The amount presently in controversy was $143.

*Errors assigned* (1–4) were to entry of judgment in favor of the plaintiff.

*Peter Boyd*, for appellant, the defendant below.—In expounding a will the question is not what the testator meant, but what is the meaning of his words: Hancock's App., 112 Pa. 532; Ellis's App., 22 W. N. 135; Weidman's App., 42 Leg. Int. 338.   A natural and unmistakable construction will always be adopted: Nicholson's Est., 43 Leg. Int. 119.   If construction is doubtful, the court will adhere as closely as possible to the general rule of inheritance: France's Est., 75 Pa. 220. Where a bequest is capable of two meanings, the court will adopt that which conforms to the law of descents : Stehman's App., 45 Pa. 398.   If the terms of the will are obscure, equality of distribution will be sought: Weber's App., 17 Pa. 474 ; Malone v. Dobbins, 23 Pa. 296.   Where the meaning of a devise is uncertain, the court adopts the principle of intestacy: Minter's App., 40 Pa. 111 : Horwitz v. Norris, 60 Pa. 261 ; Lipman's App., 30 Pa. 180 ; Park's Est., 21 W. N. 227. Where the usual, natural, just and legal course of distribution is to be changed, it must be done by words free from ambiguity: Joyce's Est., 13 W. N. 520.

*Milton C. Work* and *Alexander M. De Haven*, for appellee.— The intent of the testator can best be arrived at by a consideration of the entire instrument: Reinoehl v. Shirk, 119 Pa. 108; Thompson's App., 89 Pa. 36; Miller's App., 113 Pa. 459; Baker's App., 115 Pa. 590.   Intestacy is never presumed if the contrary intent can be fairly deduced from the language of the will: Roland v. Miller, 100 Pa. 50 ; Miller's App., 113 Pa. 459.

OPINION BY WILLARD, J., November 19, 1895:
This is an appeal from the judgment of the court of common

pleas No. 1, of the county of Philadelphia, upon a case stated between Josephine M. Kraemer, plaintiff, and the Guarantee Trust and Safe Deposit Company, defendant, and Elizabeth Kitchenman, intervener.

From the facts agreed upon in the case stated, it appeared that Charles W. Kraemer died on September 14, 1881, having made and executed a will in writing which was duly probated on September 21, 1881; that Charles J. Kraemer, one of the sons and one of the devisees and legatees named in the will of Charles W. Kraemer, died on March 23, 1893, having first made a will in writing which was duly probated on May 13, 1893. The material provisions of these wills will hereinafter appear.

The plaintiff, Josephine M. Kraemer, is the widow of Charles W. Kraemer. She elected to take under his will, is of full age and has not remarried.

The intervener, Elizabeth Kitchenman, is the sole devisee and legatee under the will of Charles J. Kraemer, is of full age and unmarried.

The defendant, the Guarantee Trust and Safe Deposit Company, since the decease of Charles J. Kraemer, the son, has collected rentals of real estate belonging to the estate of Charles W. Kraemer, the father, and has paid over two thirds thereof to the plaintiff and now holds the remaining one third, to wit, $143, until the final adjudication of this case. Josephine M. Kraemer claims this sum as due and payable to her under the will of her deceased husband.

Elizabeth Kitchenman claims the same under the wills of Charles W. Kraemer and Charles J. Kraemer.

Under the facts and conditions of the case stated the court below entered judgment for the plaintiff for $143 against the defendant, and judgment for the plaintiff for costs of suit against the intervener.

From this judgment the defendant and intervener have appealed to this court, assigning for error the entry of judgment for the plaintiff as above stated.

A correct construction of the will of Charles W. Kraemer relieves this case of all doubt. In arriving at this construction we have carefully examined every word and line of said will in order to ascertain from the testator's express words what he meant, and thereupon we have arrived at the conclusion that he meant to and did dispose of all his property by his will.

The first paragraph is as follows:

" I will that the estate remain without change as though I were living (with the exception of the business which may be closed out at the option of the executors) as long as my wife, Josephine M. Kraemer remains single and my widow. Should any advantages offer by the sale of the real estate and business, I do not object but the proceeds thereof immediately placed in good security again."

This paragraph standing by itself disposes of nothing. It means however, in connection with another paragraph, that his entire estate should be carefully kept and invested as a sure source of future revenue. The estate was small, but notwithstanding, the testator did not intend to have it diminished till the contemplated event occurred, mentioned in the third paragraph of his will.

That paragraph is as follows:

" I will that at the death of my wife, Josephine M. Kraemer, that the estate, real, personal, goods, stocks, merchandise and household furniture of whatsoever nature or kind be appraised and shall be sold and the proceeds equally divided share and share alike between my two sons, Charles John Kraemer and Edmund Miller Kraemer."

After a careful reading of the above paragraph the conclusion is irresistible, that the testator did not intend to have his entire estate hoarded till the death of his wife for the benefit of his two sons, and at the same time give them each an equal share with her in the income during her life. The paragraph of the testator's will last above quoted unquestionably vested in his wife, Josephine M. Kraemer, an estate for life in his entire property, and she is justly and lawfully entitled to the sum of $143 in the hands of the defendant and claimed by the intervener.

We are aware that a devise by implication is sustained only upon the principle of carrying into effect the intention of the testator, and that such intention must appear from the examination of the whole will.

After a careful examination of this will we are clearly of the opinion that where the testator provided that the corpus of the estate should be kept intact and go to his two sons at the death of his widow he did not intend that she should subsist upon

one third of its income during her life, but meant to and did provide for her by giving her a life estate in his entire property. In this opinion we are not without authority, viz:

In Blackwell v. Bull, 1 Keene, 176 (1836), the language of the will was, " My will and wish is that my business of a cheesemonger be carried on by my wife, Sarah Bull, and my son, John Bull, jointly for the mutual benefit of my family; and I likewise will and devise in trust all my property for the following purpose, that is to say, that at my wife's decease, the whole of my property of whatever nature or description, as well freehold as personal, shall be equally divided among my children, John, Richard, William, Mary and Caroline Bull, their executors or assigns, share and share alike. And I hereby appoint Sarah Bull, my son John Bull and my friend Samuel Blackwell executrix and executors of this my will."

In this case it was held by the master of the rolls: " On the whole will and what appears to me the evident intention, I think the widow was entitled to a life interest in both real and personal estate."

In Powell on Devises, vol. 2, at page 199, the author says, " It has been long settled that a devise to the devisor's heir after the death of ' A ' will give ' A ' an estate for life by implication."

This authority and many other English authorities are cited with approval by Mr. Justice ROGERS in delivering the opinion of the Supreme Court in Dale v. Dale, 13 Pa. 446, where it is held that:

" Where the words of a will are ' that the proceeds from the sale of my real estate shall be loaned out and amply secured, so that my wife may get the interest annually, as long as she shall remain my widow, for the support of herself and my daughter; and if at any time she should marry, then and in that case my *whole property*, principal and interest, to go to my child or children that I leave.' Held, to manifest an intention in the testator to postpone the child, and to bequeath his estate to his wife for life, for a specific object, to be defeated only by a second marriage."

It is unnecessary to further refer to the will of Charles J. Kraemer under which the intervener claims, as we have decided that she is not entitled to the fund in question.

In this view of the case we have given to this plaintiff what her husband intended she should have by the terms of his will, and avoided intestacy as to any of his estate.

The specifications of error are overruled.

Judgments affirmed.