Opinion by
Porter, J.,
The plaintiff brought this action to recover the amount of certain rents, accruing from the property No. 538 Chestnut street, Columbia, Lancaster county, which defendants had collected, and to which plaintiff asserts she was entitled. The parties agreed upon a case stated in the court below, from which it appears that the right of the plaintiff is dependent upon whether she took a life estate in the property under the will of John Palm, deceased, the husband of the plaintiff and father of the defendants; the material provisions of which will are as follows, namely: "Second. — I give, devise and bequeath. unto my wife Margaret as a life estate in 131 N. 7th St., Columbia, Pa. but not all all my estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease. The personal property to my wife Margaret as a life estate to receive all rents, issues and profits from 131 N. 7th St., Columbia, Pa. My wife Margaret to pay all taxes, insurance and repairs from rentals, but shall have no power to sell or give away. My property not to be sold until one year after my decease. All the rest, residue and remainder of my property, real, personal and *262 mixed that 1 shall be possessed of at the time of my death, wherever situated after the death of my wife Margaret Palm shall belong to my surviving children, William, John, Sallie and Anna or their heirs, share and share alike.” The learned judge of the court below held that under these provisions of the will plaintiff, the widow, took a life estate in the property No. 538 Chestnut street, Columbia, Pa., and entered judgment in favor of her for the amount of the rents collected, from which judgment the defendants appeal.
The contention of the plaintiff, which was sustained by the court below, is that under the provisions of the will above quoted she took a life estate in the property No. 538 Chestnut street, by necessary implication. The purpose in construing a will is to ascertain the intention of the testator, as disclosed by the words he has used to express that intention, so that it may be carried out in the disposition which he has made of his property. All mere technical rules of construction must give way to the plainly expressed intent of the testator: Bruckman’s Est., 195 Pa. 363; Boies’ Est., 177 Pa. 190; Wood v. Schoen, 216 Pa. 425. When land is devised to the devisor’s heir, after the death of A, the latter will take an estate for life by necessary implication. The cases which sustain this principle are ruled on the presumed intention of the testator to postpone the heir. But a devise by implication is sustained only upon the principle of carrying into effect the intention of the testator, and such intention must appear from an examination of the whole will: Dale v. Dale, 13 Pa. 446; Kraemer v. Safe Deposit Co., 1 Pa. Superior Ct. 4.
The clause of the will devising and bequeathing the residue of the estate, above quoted, “wherever situated after the death of my wife Margaret Palm” to the surviving children of the testator, would have vested in the plaintiff a life estate in the property unless some other provision of the will disclosed that such was not the intention of the testator. The difficulty with the position of the plaintiff is that the testator had in the second clause *263 of Ms will, above quoted, not only clearly indicated the property in which it was Ms intention that Ms wife should take a life estate, viz.: “131 N. 7th St., Columbia, Pa.” and all the personal property of Ms estate, but he had also in express words declared that she should take no more. TMs testator had evidently written Ms own will, and for that purpose had used a printed blank form. When he came to that part of tMs form in wMch he made provision for his wife he found this printed matter: “Second, — I give, devise and bequeath unto .... all my Estate, real, personal or xmxed, of whatever nature or kind, or wheresoever situate at the time of my decease.” This testator wrote in this blank space thus left in the form these words: “my wife Margaret as a life estate in 131 N. 7th St., Columbia, Pa. but not all ” thus causing the word “all ” wMch followed in the printed form to be duplicated, but this reiteration of the word has no effect whatever upon the meamng conveyed by the sentence. If the testator had intended that Ms wife should take a life estate in all Ms property, he had expressed that purpose when he had written in tMs blank space the words “my wife as a life estate”; the printed words which followed would have carried a life estate in all his property real and personal. Even if he had stopped after adding the words “in 131 N. 7th St., Columbia, Pa.” .there might still have been ground for holding that, as he permitted the words of the printed form following to stand, that it was his intention that his wife should take a life estate in all his property. He did not stop there, however, recogmzing what the effect of the following words in the printed form would be, he used express words to negative that effect, and fimshed the writing in the blank space by adding the words “but not all.” Having proceeded thus far, the printed and written words, eliminating the duplication of the word “all” were: “Second. — I give, devise and bequeath unto my wife Margaret as a life estate in 131 N. 7th St., Columbia, Pa., but not all my estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at *264 the time of my decease.” The testator thus took care to indicate that it was his intention that his wife should take a life estate in only such property as he specifically mentioned. Having thus by express words negatived the broad terms of the printed form which would have carried a life estate in all his real property, he proceeded to further indicate what it was his intention that his wife should take by writing in after the printed form a bequest which gave her a life estate in his personal property. This paragraph of the will clearly indicates that it was the intention of the testator that the plaintiff should take a life estate in his personal property and in the house 131 N. Seventh street, Columbia, and in express words indicates his intention that she should take a fife estate in no other real estate. This negatives any presumption that it was the intention of this testator that the plaintiff should, by implication, take a life estate in all his real estate, under the residuary clause of his will.
The express anterior devise to the plaintiff for life of a part only of the lands, being in terms which negative any intention that she should take a life estate by implication in the remaining real estate, under the clause disposing of the residue, the words “after the death of my wife Margaret Palm” appearing in the clause disposing of that residue call for a distributive construction, and are to be applied exclusively to the property expressly devised to the plaintiff for fife: 2 Jarman on Wills, 116; Cook v. Gerrard, 1 Saunders, 180; Annandale v. Brazier, 5 B. & Ald. 24; Sympson v. Hornsby, Prec. Ch 439, s. c., Hutton v. Simpson, 2 Vern. 722; Rathbone v. Dyckman, 3 Paige, Ch. 9. The children of the testator were, under the terms of his will, entitled to the immediate possession and enjoyment of the house No. 538 Chestnut street, Columbia, and are entitled to retain the rents thereof now in their hands.
The judgment is reversed and judgment is now entered for the defendants.