## Schillo's Estate.

*Wills—Election to take under will—Intestacy—Rights of widow —Accumulations.*

Where a testator specifically devises a house to his wife and $300 per annum out of the rents of the other real estate, for her maintenance and support, and directs that the maintenance of the house shall be paid for out of such rents, gives his personal property to his children by a former wife, appoints a son executor and authorizes him to manage the real estate not specifically devised to the wife, collect the rents and pay thereout the $300 annuity to the wife, and the expenses of maintenance of such real estate, and the wife elects to take under the will, an accumulation of income from the real estate after payment of the annuity and expenses,

passes under the intestate laws, and the widow is entitled to one-third of it.

The election of a widow to take under the will of her deceased husband is in lieu of her interest in the part of the estate as to which there is a testacy, and does not deprive her of her right to a share in the residue undisposed of, but as to which there is an intestacy.

Argued April 19, 1916. Appeal, No. 76, April T., 1916, by Mary Schillo, from decree of O. C. Allegheny Co., March T., 1915, No. 72, dismissing exceptions to adjudication in Estate of Anthony Schillo, deceased. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Decree modified.

Exceptions to adjudication.

The opinion of the Superior Court states the facts.

*Errors assigned* were in dismissing exceptions to adjudication.

*Edward J. I. Gannon,* for appellant.—The provision of the act is not that the income shall go to the person for whose benefit accumulation was directed, but that it shall "go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed": Mayers's Est., 13 Pa. Dist. 277; Mitcheson's Est., 15 Philadelphia 523; Edwards's Est., 190 Pa. 177; Roney's Est., 227 Pa. 127; Weinmann's Est., 223 Pa. 508; Kenworthy's Est., 230 Pa. 606.

There is no direction to accumulate: Kenworthy's Est., 230 Pa. 603; Thouron's Est., 15 Philadelphia 521.

The will vests a life estate in the widow: Clery's App., 35 Pa. 54; Finney's App., 113 Pa. 11; Dale v. Dale, 13 Pa. 445.

*John McKelvie,* with him *Alexander J. Barron* and *McKee, Mitchell & Alter,* for appellees.—The will does not vest a life estate in the widow: Hart v. Stoyer, 164 Pa. 523.

There is an implied direction to accumulate the income: Eberly's App., 110 Pa. 95; Thouron's Est., 15 Philadelphia 521.

Whether there is an implied direction to accumulate or not, in any event the surplus accumulations go to the residuary legatees, or remaindermen, under the will: Howell's Est., 180 Pa. 515; Weinmann's Est., 223 Pa. 508; Hofius v. Hofius, 92 Pa. 305; Rupp v. Eberly, 79 Pa. 141; Walter's Est., 24 P. L. J. 49; Miller's App., 113 Pa. 459; Reimer's Est., 159 Pa. 212; Striewig's Est., 169 Pa. 61.

The void accumulations go to the residuary legatees as the persons entitled thereto under the will: McKee's App., 96 Pa. 277; Wright's Est., 227 Pa. 69.

If the accumulated rents do not go to the residuary legatees as such, they go to them as remaindermen, having a present vested interest in the corpus: Martin's Est., 185 Pa. 51; Weinmann's Est., 223 Pa. 510; Wright's Est., 227 Pa. 69.


OPINION BY TREXLER, J., July 18, 1916:

The decedent by his will gave to his wife the house on Penn avenue together with the household goods therein contained for life and made provision for the payment of the expenses of the maintenance of the property out of the fund arising from the rents of his other real estate. He further directed the sum of $300 to be paid to her in equal monthly installments towards her maintenance and support during her natural life out of the other rents of said real estate. In the sixth clause, he directed his executor to realize into cash all the remainder of the personal property and then he gives the fund resulting therefrom to two of his sons and the children of a deceased daughter. He named his son, Theodore, to be his executor, gave him the management and control of the real estate, other than that devised to his wife for life, he to collect the rents, maintain the property and pay the $300 each year to his wife and such other expenses

as necessarily might arise incident to the trust. After the death of his wife, he directed the executor to sell the real estate and divide it among his three sons and the children of a deceased daughter in equal shares. The widow elected to take under the will. After paying $300 to the widow and the different other items which the testator directed his executor to pay, there remains a surplus and this is not disposed of by the will. The appellant claims that the wife is a life tenant by implication in all the real estate except that which he expressly gave to her. To this we cannot assent. She is given a particular part of the estate and her portion is well defined. If he had intended to give her the entire estate for life, why did he limit her portion as he did? The appointing of an executor in the seventh section to collect the rents of the real estate is inconsistent with the position that she should be the life tenant. Therein he gives the real estate "other than that given to my wife." A devise by implication is sustained only upon the principle of carrying into effect the intentions of the testator and such intentions must appear from an examination of the whole will: Palm v. Palm, 51 Pa. Superior Ct. 260. The erection of the trust and a direction how the income of the real estate is to be applied negatives the idea that the widow was to be a life tenant. As the learned auditing judge says, "There is no ambiguity in the will; no doubt about its meaning, so far as she is concerned. She was not given a life estate expressly, or impliedly, in any other real estate than the home in which she lived, and if the testator had intended that she should have more, he would not have directed that she should have less."

The question therefore remains, what becomes of the income of rent in excess of what is required in order to pay $300 each year to the widow and to maintain the estate? We may presume that testator may not have intended any accumulation. Whether he intended accumulation or not does not affect the case. Accumulation is forbidden under the Act of 1853, P. L. 503, Sec. 9,

85, (1916).]        Opinion of the Court.

no less where it results by indirection than where it is expressly ordered: Neel Estate, 252 Pa. 394. Under the said act the accumulation shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed.

The appellee claims that under the seventh clause of the will all the real estate not disposed of under the will goes to the parties in said section named, and the rents having the character of real estate go with it. We need not go into the question of the nature of rents. The testator puts the rents as they accrue in the hands of a trustee and after they are in his hands they lose any peculiar nature they may have. They are then personal property. Neither the sixth or seventh clause of the will can be regarded as a residuary clause covering the accumulated income from the real estate and if there be no residuary clause covering the accumulations there is intestacy as to them. This being so, the widow is entitled to her one-third portion notwithstanding the fact that she elected to take a life estate and the fixed annual income under the will. "The election of a widow to take under the will of her deceased husband is in lieu of her interest in the part of the estate as to which there is a testacy, and does not deprive her of her right to a share in the residue undisposed of, but as to which there is an intestacy": Thompson's Est., 229 Pa. 543 (550); citing Carman's App., 2 Penny. 332; Reed's Est., 82 Pa. 428; DeSilver's Est., 142 Pa. 74.

The sum of five hundred dollars in the hands of the trustee should be distributed, one-third to the widow and the remainder to the heirs at law.

The judgment is modified accordingly and the record is remitted that distribution may be made in accordance to this opinion. The costs to be paid out of the fund.