## Paczosa's Estate.

*Wills—Construction—Devise to daughter—Failure of husband to elect against will.*

1. Where testatrix devises certain real estate to her daughter and immediately thereafter directs that if her husband be entitled to a share thereof as a tenant by the curtesy, the property is to be sold, and, after paying to him his share, the remainder is to be invested for the daughter's benefit, and further directs that if her husband ceases to be entitled for some legal reason to share in her estate, the property in question is to go to the daughter, and the husband makes no election against the will, the Orphans' Court cannot entertain a petition by the executrix for leave to sell under section 28 (c) of the Fiduciaries Act.

2. Such a petition will be dismissed without prejudice to the rights of the guardian of the daughter, if a sale be desired, to present a petition therefor under the Revised Price Act.

3. In the instant case, the direction to sell was contingent upon the husband' enforcing his right by electing to take against the will.

Petition by executrix for leave to sell real estate under section 28 *(c)* of the Fiduciaries Act, and answer. O. C. Phila. Co., July T., 1927, No. 2511.

*William M. Boenning,* for executrix and for Stanley Paczosa.

*Francis M. Gumbes,* for Commonwealth Title Insurance and Trust Company, guardian, contra.

GEST, J., Oct. 27, 1927.—The merest glance at the phraseology of this will clearly shows that it was written by one who did not understand the business

Paczosa's Estate.

he undertook, and the resulting contest adds another instance to the innumerable cases where the ignorance of the testatrix, or her scrivener, causes regrettable litigation and imposes unnecessary trouble and responsibility upon the court.

The testatrix died on July 28, 1925, seised of real estate No. 2915 Belgrade Street, as to which she provided in her will, executed a few weeks before her death, as follows: "I leave and bequeath my property, No. 2915 Belgrade Street, Philadelphia, to my daughter, Genevieve F. Paczosa, and hereby direct that, if my husband, Stanley Paczosa, be entitled to a share thereof as a tenant by the curtesy, the said property shall be sold for the best price obtainable and, after the payment over of my said husband's share to him, the balance remaining shall be safely deposited in a bank or otherwise safely invested for the benefit of my said daughter, Genevieve F. Paczosa, and shall be paid over to her upon her reaching twenty-one years of age, if my said husband, either by reason of dying before me or for some other legal reason, ceases to be entitled to such share in the said property, then in that event, the same shall be administered and conducted entirely for the benefit of my said daughter and shall be turned over to her upon her reaching her majority as aforesaid."

The testatrix left her surviving a husband, Stanley Paczosa, and a minor daughter, Genevieve, represented by a guardian, and it appears from the pleadings that the surviving husband filed no election to take under or against the will as prescribed by the Act of April 2, 1925, P. L. 117, so that he is deemed to have elected to take under the will, or rather, as appears from Flower's Estate, 30 Dist. R. 967, and Cunningham's Estate, 137 Pa. 621, to have acquiesced in his wife's disposition of her estate. It is entirely immaterial, according to these decisions, whether there was anything given to him in the will or not, and it is also immaterial, in the absence of fraud or the like, whether the surviving spouse realized the necessity of an election: Minnich's or Sherwood's Estate, 288 Pa. 354.

It also appears in the pleadings that the surviving husband did not desert the testatrix or fail to provide for her for one year and upward prior to her decease.

The question then resolves itself into one of testamentary construction: What, if anything, is given to the husband of the testatrix by her will? It is obvious that the testatrix devised the premises mentioned to her daughter, Genevieve, by the first clause of paragraph 3, and the daughter would take title thereto in fee simple, unless the gift was cut down by subsequent language that is equally clear. What follows, however, is expressly conditional: "if my husband, Stanley, be entitled to a share thereof as tenant by the curtesy, the said property shall be sold, and after the payment over of my said husband's share to him the balance remaining shall be . . . safely invested for the benefit of my daughter, Genevieve, and shall be paid over to her upon her reaching twenty-one years of age." It may be conceded, for the purposes of this argument, that the reference to tenancy by the curtesy (which tenancy is abolished by section 4 of the Intestate Act of 1917) may be fairly construed to mean the share to which he would have been entitled in case of intestacy, as in Barry's Estate, 13 Phila. 310, what was in effect a bequest of dower was liberally construed, but the bequest remains purely conditional and can only be construed to mean what the husband would be entitled to take if he enforced his rights in the only legal method by taking against the will. The conclusion of the paragraph is entirely consistent with this, for the rights of the husband still remain conditional, the language of the will being "if my said husband, either by reason of his dying before me or for some other legal reason, ceases

Paczosa's Estate.

to be entitled," and such legal reason clearly exists, because the husband did not make his legal election. Some stress was laid in the argument upon the word "ceases" as indicative of a prior existing gift, but this cannot be so construed. When the testatrix died, the husband had what might be called an inchoate right, which he could and should have enforced by his election, if he desired to do so, and as he failed to perfect this within the time prescribed by law, his right to do so certainly ceased, and under the will the property in question must be, in its own language, administered entirely for the benefit of Genevieve. We can discover nothing in the will upon which a gift by implication to the husband can be founded, and the cases cited by the learned counsel for the petitioner, such as Dale v. Dale, 13 Pa. 446, have no application.

Our conclusion, therefore, is that the surviving husband is given no title or interest in the property, which belongs solely to Genevieve, and as the sale is only directed in the will upon a condition not fulfilled, the present petition for its sale must be dismissed, without prejudice to the right of the guardian, if a sale be desired, to present a petition therefor under the Revised Price Act, which is the applicable statute.

The petition is, therefore, dismissed, without prejudice to the right of the guardian, if a sale be desired, to present a petition therefor under the Revised Price Act.

HENDERSON, J., did not sit.