## Lyle Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*John Russell, Jr.*, for exceptants.

*Lambert B. Ott, William H. S. Wells* and *Frank G. Sayre*, of *Saul, Ewing, Remick and Saul*, contra.

HUNTER, J., February 6, 1953.—Exceptants are Martha Tinker Rapp and Franklin Lyle Tinker who claim by implied gift, under clause G of the will, the share of income of their deceased mother, Martha Lyle Tinker, one of the life tenants.

The auditing judge awarded the income in question under clause H of the will to the surviving life tenants of the trust, Franklin L. Boettger and Mary S. Hartley.

Clauses G and H of the will (italicized) are as follows:

"G. Upon the death *without leaving children* or other descendants to survive him or her, of any person who under this will is entitled to receive any income during his or her entire life, I direct that the surviving life tenants or life tenant shall be paid the income which such deceased life tenant was receiving at the time of his or her death, said payment of said income to said surviving life tenants or life tenant to be for their respective lives and to be made to them in the proportions hereinbefore stated in Clauses A. C. D. and E.

"H. . . . until the time for final distribution of my estate, as herein directed, has arrived, I direct that all income arising upon any and all parts of my estate and *not otherwise disposed of by this my will* shall be divided among the persons, in the proportions, and for the periods hereinbefore mentioned in Clause G. concerning the income referred to in said Clause."

Other clauses of the will are printed in full in the report of earlier litigation in Lyle's Estate, 4 D. & C. 67.

We agree with the auditing judge that an implied gift to issue cannot arise, testator having expressly disposed of the income in question. The case is to be distinguished from Cope Estate, 353 Pa. 306, and

Rouse Estate, 369 Pa. 568, where an implied gift was necessary to avoid intestacy.

This conclusion is supported by an examination of the entire will, wherein special and distinct gifts of income and principal were made to Martha Lyle Tinker's children.

By clause A Mrs. Tinker's one-fourth share of income was given upon her death to her children, but only until the youngest attained the age of 35.

By clause B these children by complicated provisions were given one sixth of income and finally one sixth of principal at age 35: Lyle's Estate, 4 D. & C. 67, supra.

Also, in clause F, Mrs. Tinker's name was deliberately omitted from the list of four life tenants whose income was expressly given to their children until the termination of the trust. This was not an oversight, because by codicil testator added to the list the name of Franklin Boettger and again omitted mention of Mrs. Tinker.

It thus appears that the measure of the participation of Mrs. Tinker's children in the income of the trust was that contained in clauses A and B, and that these special provisions were the reason for their omission from clause F.

It is improbable that a testator should intend a person, to whom he had expressly given part, to take more by implication: 2 Jarman on Wills, p. 810 (1930 ed.); Palm v. Palm, 51 Pa. Superior Ct. 260 (264); Schillo's Estate, 64 Superior Ct. 85 (88).

In Grothe's Estate, 229 Pa. 186, it is stated:

". . . if it was an oversight, the courts have no authority to insert a provision . . . under the assumption that it was the intention of the testator. It is only when the language of the will expressly or by clear implication discloses the intention of the testator that the courts may carry it out."

Again, in Verner Estate, 358 Pa. 280, the court said:

"While judicial interpretation of a will is aimed to ascertain the intention of the testator and may therefore, in some instances, lead to the conclusion that a bequest, though not formally expressed in the will, is nevertheless implied, such an inference is justified only if the testator's intention to that effect is so clear as to be beyond reasonable doubt."

The will is complicated, but upon close study discloses a complete disposition of the estate, and leaves no room for gifts by implication.

The exceptions are dismissed and the adjudication is confirmed absolutely.